**KIRKLAND CORROSION CONTROL, INC., Appellant,**

v.

**Melvin FISHER, Appellee.**

No. 13637.

Court of Appeals of Texas, Austin.

April 22, 1982.

232

Charles D. Yarborough, Yarborough, Yarborough & Stallings, Bedford, for appellant.

William T. Wilson, Prescott, Greenfield, Mewhinney & Wilson, Temple, for appellee.

PER CURIAM.

Appellant has filed an amended motion for extension of time in which to file its brief. Appellee has filed a response in opposition moving to affirm the judgment on certificate or dismiss the appeal. We will overrule appellant's motion and will dismiss the appeal.

The statement of facts in this cause was filed on December 14, 1981. On the same day the Clerk of this Court mailed a letter to appellant informing it that the statement of facts had been filed on that date.

Since this is an appeal from the denial of a plea of privilege, the time for filing appellant's brief is prescribed by Tex.R.Civ.P. 385. Pursuant to Rule 385, appellant's brief was due to be filed within twenty days after the record was filed. Appellant filed its brief on February 25, 1982, which was well after the twenty-day period had expired.

On March 4, 1982, appellant filed a motion for extension of time in which to file its brief. According to Rule 385, the failure to timely file the brief is ground for affirming the judgment or dismissing the appeal unless a reasonable explanation is given for the late filing. Appellant's explanation for filing its brief late is that it wrote the Clerk of this Court for a timetable for filing its brief but received no response. We do not consider this to be a reasonable explanation.

The Rules of Civil Procedure do not require the clerk of a court of appeals to inform parties of their briefing schedules. Once appellant became aware of the date the record was filed in this case, it was appellant's duty, and not the duty of the clerk of the court, to look to the provisions of Rule 385 to determine the time in which its brief was to be filed.

Appellant's apparent reason for failing to timely file its brief is that it had pending a motion for extension of time to file the transcript and statement of facts. This motion was not granted by this Court until January 20, 1982, and appellant's brief was due to be filed before that date. Appellant's alleged confusion perhaps stemmed from the fact that Rule 385 required it to file the brief before it knew whether this Court would grant its motion for extension of time to file the transcript and statement of facts. Appellant's implicit argument seems to be that the statement of facts was not filed until this Court granted its motion for extension of time. This is not so. Appellant's argument may have had merit under the rules prior to the 1980 amendments, but not under the current rules.

Prior to the 1980 amendments, the clerk could file a statement of facts only if it were timely tendered. If the statement of facts was not tendered timely, the clerk could merely note the date of its tender, *but could not file it.* Tex.R.Civ.P. 389a (1978). Only when the court granted the motion for extension of time could the clerk file the

statement of facts. Therefore, the time for filing the briefs would run from the date on which the motion for extension of time was granted because that would also, incidentally, be the date the record was filed.

■ Under the present rules, however, the clerk files a "proper" statement of facts when it is received, regardless of whether it is timely tendered. Tex.R.Civ.P. 389a. Accordingly, appellant's statement of facts was filed on December 14, 1981, even though that was after the date it was due to be filed under Rule 385. As a result, appellant's brief was due twenty days after that date, regardless of the date on which this Court granted the motion for extension of time.

Of course, careful counsel will file a motion for extension of time when the statement of facts is filed late. If the motion is granted, the appellant is then assured that the court will not apply the sanctions for late filing permitted by Rule 386.

Rule 385 plainly requires appellant's brief to be filed within twenty days after the record is filed. Appellant was aware of the date on which the statement of facts was filed and it was appellant's duty to compute the time in which to file its brief; it is not the clerk's duty to calculate the date and notify the appellant.

Appellant's Amended Motion for extension of time to file brief overruled, Appellee's Motion to dismiss the appeal granted.